ORIGINAL

EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

THOMAS MUEHLECK 3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808)541-2850
Facsimile: (808)541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 11 2003

at ___ o'clock and ___ min. ___ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 03-00106 DAE |
| Plaintiff, ) | UNITED STATES' OPPOSITION TO |
| ) | DEFENDANT'S APPLICATION FOR |
| vs. ) | ISSUANCE OF SUBPOENA; |
| ) | CERTIFICATE OF SERVICE |
| JOHN ANDREW GILBREATH, ) | |
| Defendant. ) | |

UNITED STATES' OPPOSITION TO DEFENDANT'S
APPLICATION FOR ISSUANCE OF SUBPOENA

The defense seeks to subpoena four law enforcement agents/employees of the United States Department of Justice for testimony at a motion to suppress. The United States believes the defense is seeking to depose possible government witnesses prior to trial and to dispense with the requirements of the Code of Federal Regulation. 28 C.F.R. § 16.22 et. seq., details the procedure to be followed when the testimony of United States Department of Justice employees is sought.

Defendant's counsel claims in her declaration that "an affidavit has also been attached to this application which details the nature of the questioning and the documents sought as required by and pursuant to 28 C.F.R. § 16.22 et. seq."

The declaration of defendant's counsel does not set forth any details regarding the nature of the questioning.

28 C.F.R. § 16.23 provides in pertinent part . . .

> (c) if oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case.

Counsel's affidavit fails to summarize the testimony sought. The declaration states that the agent will be called "to testify in relation to his conduct and observations on December 19, 2002."

Apparently, counsel for the defendant seeks to generally depose pretrial all the government agents concerning all aspects of the search of the defendant's residence. This is not permissible. A defendant is not entitled to knew all the evidence the government intends to produce but only the theory of the government's case. A defendant is not entitled to know the content of the testimony of each of teh government witnesses before trial. <u>United States v. Ryland</u>, 806 F.2d 941, 942 (9th Cir. 1986).

2

The defendant's motion for issuance of subpoenas should be denied.

DATED: September 11, 2003, Honolulu, Hawaii.

                              EDWARD H. KUBO, JR.
                              United States Attorney
                              District of Hawaii

By _____
    THOMAS MUEHLECK
    Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served upon the following person(s):

>DONNA GRAY
>300 Ala Moana Blvd., Room 7-104
>Honolulu, HI 96850
>
>Counsel for defendant
>John Gilbreath

DATED: September 11, 2003, at Honolulu, Hawaii.