ORIGINAL

PETER C. WOLFF, JR.  #2332
Federal Public Defender
District of Hawaii

DONNA M. GRAY       # 4519
Assistant Federal Defender
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii   96850-5269

Telephone:  (808) 541-2521
Facsimile:   (808) 541-3545
E-Mail:      fpdhi@hotmail.com

Attorney for Defendant
JOHN GILBREATH

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 1 8 2003

at 3 o'clock and 16 min. P M
WALTER A.Y.H. CHINN, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Cr. No. 03-00106 DAE |
| | ) |
| Plaintiff, | ) DEFENDANT'S PROPOSED JURY |
| | ) INSTRUCTIONS; CERTIFICATE |
| vs. | ) OF SERVICE |
| | ) |
| JOHN GILBREATH, | ) DATE:      January 13, 2004 |
| | ) TIME:      9:00 a.m. |
| Defendant. | ) JUDGE:    David A. Ezra |
| | ) |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant, John Gilbreath, by and through counsel, Donna M. Gray,

Assistant Federal Defender, respectfully submits the following proposed jury

instructions.

Chief Judge Ezra's Instructions In Criminal Cases, Nos. 1, 2A, 3B, 4-10, 11, 12, 14A, 15, 16, 17A, 18, 19A.

The Ninth Circuit's Model Jury Instructions do not contain a model instruction on the elements of 18 U.S.C. § 922(g)(3). Therefore, Mr. Gilbreath proposes an instruction on the essential elements of 18 U.S.C. § 922(g)(3), and it is included herein as Defendant's Proposed Instruction 1.

It is further proposed that Ninth Circuit Model Jury Instruction 4.1, entitled *Statements By Defendant*, be given in light of the fact that Mr. Gilbreath's statements to law enforcement officers will be introduced in the government's case-in-chief. It is included herein as Defendant's Proposed Instruction 2. Permission of the Court is requested to subsequently withdraw any of the attached instructions or to offer such additional instructions as may, during the course of the trial, become appropriate.

DATED:   Honolulu, Hawaii, December 18, 2003.

DONNA M. GRAY
Attorney for Defendant
JOHN GILBREATH

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DAVID ALAN EZRA
United States District Judge

**GENERAL FEDERAL JURY**
**INSTRUCTIONS IN CRIMINAL CASES**

**INDEX**

| 1 | | DUTY OF JUDGE |
|---|---|---|
| 2 | | DUTY TO FOLLOW INSTRUCTIONS |
| | A | Single Defendant |
| | B | Multiple Defendants |
| 3 | | REASONABLE DOUBT |
| | A | Where Defendant Does Not Testify |
| | B | Where Defendant Testifies |
| 4 | | EVIDENCE -- EXCLUDING ARGUMENT OF COUNSEL |
| 5 | | EVIDENCE -- OBJECTIONS |
| 6 | | EVIDENCE -- EXCLUDING STATEMENTS OF JUDGE |
| 7 | | EVIDENCE -- STIPULATION |
| 8 | | EVIDENCE -- DIRECT AND CIRCUMSTANTIAL |
| 9 | | EVIDENCE -- CREDIBILITY OF WITNESSES |
| 10 | | EVIDENCE -- EXPERT WITNESSES |
| 11 | | IMPEACHMENT -- GENERALLY |
| 12 | | IMPEACHMENT -- REPUTATION FOR TRUTHFULNESS |
| 13 | | IMPEACHMENT -- PRIOR CONVICTION |
| 14 | | IMPEACHMENT OF DEFENDANT |
| | A | General Instruction |
| | B | General Instruction & Prior Conviction (To be read, in addition to #12 above, when defendant is impeached by prior conviction) |
| 15 | | ON OR ABOUT |
| 16 | | KNOWINGLY |
| 17 | | CAUTION -- PUNISHMENT |
| | A | Single Defendant, Single Count in Indictment |
| | B | Single Defendant, Multiple Counts in Indictment |
| | C | Multiple Defendants, Single Count |
| | D | Multiple Defendants, Multiple Counts |
| 18 | | DUTY TO DELIBERATE |
| 19 | | VERDICT |
| | A | Verdict Form -- Single Defendant |
| | B | Verdict Forms -- Multiple Defendants |

COURT'S INSTRUCTION NO. 1

Members of the Jury:

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is also my duty at the end of the trial to instruct you on the law applicable to the case.

COURT'S INSTRUCTION NO. 2A


You, as jurors, are the judges of the facts.  But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

COURT'S INSTRUCTION NO. 3B

The indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so you must acquit him.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable

doubt that the defendant is guilty, it is your duty to find the defendant guilty.

COURT'S INSTRUCTION NO. 4


As stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

COURT'S INSTRUCTION NO. 5


There are rules of evidence which control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection.  You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

COURT'S INSTRUCTION NO. 6

During the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he should respond to the questions of counsel.  Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

COURT'S INSTRUCTION NO. 7


In this case, the government and the defendant have agreed, or stipulated, as to certain facts.  This means that they both agree that these facts are true.  You should therefore treat these facts as having been conclusively proved.

COURT'S INSTRUCTION NO. 8

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct or circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. 9

Now I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness, you should consider the witness' (1) relationship to the government or the defendant, (2) interest, if any, in the outcome of the case, (3) manner of testifying, (4) opportunity to observe or acquire knowledge concerning the facts about which he testified, and (5) candor, fairness and intelligence. You should also consider the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

COURT'S INSTRUCTION NO. 10


The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

COURT'S INSTRUCTION NO. 11

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

COURT'S INSTRUCTION NO. 12


A witness may also be discredited or impeached by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides, or has recently resided.

COURT'S INSTRUCTION NO. 14A


As stated earlier, a defendant has a right not to testify. If a defendant does testify, however, his testimony should be weighed and considered, and his credibility determined, in the same way as that of any other witness.

COURT'S INSTRUCTION NO. 15

You will note that the indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

COURT'S INSTRUCTION NO. 16


The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

COURT'S INSTRUCTION NO. 17A


I caution you, members of the Jury, that you are here to determine the guilt or innocence of the accused from the evidence in this case.  The defendant is not on trial for any act or conduct or offense not alleged in the indictment.  Neither are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the guilt or innocence of the accused.

COURT'S INSTRUCTION NO. 18

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

COURT'S INSTRUCTION NO. 19A

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A form of verdict has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

**Defendant's Proposed Jury Instruction No. 1**

      The defendant, John Gilbreath, is charged in the indictment with knowingly possessing, in and affecting commerce, a firearm, specifically, a Rossi Model 88, .38 caliber revolver, serial number W333037, an Essex Arms Co. .45 caliber pistol serial number SS 6371, and a Thompson Model, M-1 .45 caliber rifle serial number KCO 876, and being an unlawful user of and addicted to a controlled substance, to wit, marijuana.

      In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

      First, that the defendant knowingly possessed the three firearms listed in the indictment.

      Second, the firearms listed in the indictment had been shipped or transported from one state to another; and

      Third, at the time he possessed the firearms the defendant was an unlawful user of and addicted to a controlled substance, to wit, marijuana.

      In order to find that the defendant is an unlawful user of and addicted to marijuana, you must find that the defendant took marijuana with regularity, over an extended period of time and that his use was so frequent and in such quantities, as to cause him to lose the power of self- control and thereby pose a danger to the public morals, health, safety, or welfare.

      See <u>United States v. Herrera</u>, 289 F.3d 311, 320-24 (5th Cir. 2002); <u>United States v. Purdy</u>, 264 F.3d 809, 812-13 (9th Cir. 2001).



Defendant's Proposed Jury Instruction No. 2

Ninth Circuit Model Criminal Jury Instructions

## 4.1 STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

### Comment

Language from this instruction was expressly approved in *United States v. Hoac,* 990 F.2d 1099, 1108 n.4 (9th Cir. 1993).

The instruction uses the word "statement" in preference to the more pejorative term, "confession."

The failure specifically to instruct the jury to weigh the statement in the light of its circumstances may be ground for reversal, although not plain error in this circuit. *See United States v. Miller,* 603 F.2d 109 (9th Cir. 1979). *But see United States v. Barry,* 518 F.2d 342, 347–48 (2d Cir. 1975) (concluding that omission was plain error). Although the judge must determine the voluntariness of a confession outside of the presence of the jury in ruling on its admissibility, the jury must still be instructed to weigh the statement with regard to the circumstances in which it was made. *See Jackson v. Denno,* 378 U.S. 368 (1964); 18 U.S.C. § 3501 (Admissibility of Confessions).

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document was duly hand-delivered to the following:

THOMAS C. MUEHLECK
Assistant United States Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Room 6100
Honolulu, Hawaii   96813

Attorney for Plaintiff
UNITED STATES OF AMERICA

DATED:   Honolulu, Hawaii, December 18, 2003.

_____
Hermi Hunt