ORIGINAL

EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

THOMAS MUEHLECK 3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808)541-2850
Facsimile: (808)541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 2 2 2003

at __ o'clock and __ min. __M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 03-00106 DAE |
| Plaintiff, | ) THE GOVERNMENT'S PROPOSED |
| | ) JURY INSTRUCTIONS; |
| vs. | ) CERTIFICATE OF SERVICE |
| JOHN ANDREW GILBREATH, | ) |
| Defendant. | ) |

THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by its undersigned counsel, hereby submits the following proposed jury instructions. Chief Judge Ezra's Instructions in Criminal Cases, Nos. 1, 2A, 3B, 4-12, 14A, 15-17A, 18, 19A. The United States also submits proposed instructions on the elements of Title 18, United States Code, Section 822(g)(3), "user of a controlled substance" and "knowingly."

DATED: December 22, 2003, at Honolulu, Hawaii.

>EDWARD H. KUBO, JR.
>United States Attorney
>District of Hawaii
>
>By _____T. Muehleck_____
>   THOMAS MUEHLECK
>   Assistant U.S. Attorney

THE GOVERNMENT'S SUPPLEMENTAL JURY INSTRUCTION NO. 1

The Defendant John Andre Gilbreath is charged in the Indictment with: while being a user of a controlled substance as defined in Title 21, United States Code, Section 802, the Defendant did knowingly possess in and affecting commerce a firearm, to wit, a Rossi Model 88, .38 caliber revolver, Serial #W333037, and an Essex Arms Co, .45 caliber pistol, Serial #SS 6371 and a Thompson Model M-1 .45 caliber rifle, Serial #KCO 876, in violation of Title 18 of the United States Code, Section 922(g)(3).

In order for the Defendant to be found guilty, the United States must prove each of the following elements beyond a reasonable doubt:

First, the Defendant knowingly possessed at least one firearm,

Second, the firearm possessed by the Defendant previously had been shipped or transported by someone from another state to Hawaii; and

Third, at the time the Defendant possessed the firearm, the Defendant was a user of a controlled substance as defined in Title 21, United States Code, Section 802. Marijuana is a controlled substance as defined in that section.

Ninth Circuit Model Jury Instruction No. 8.59 (2000) (modified).

THE GOVERNMENT'S SUPPLEMENTAL JURY INSTRUCTION NO. 2

The term "user of a controlled substance" means that the Government must prove that the Defendant took drugs with: (1) regularity; (2) over an extended period of time; and (3) contemporaneously with his possession of one or more firearms.

United States v. Purdy, 264 F.3d 809, 813 (9th Cir. 2001).

THE GOVERNMENT'S SUPPLEMENTAL JURY INSTRUCTION NO. 3

An act is done knowingly if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

The United States does not have to prove that the Defendant knew that: (1) the firearm had previously traveled or moved in commerce and therefore that its possession was in or affecting commerce; (2) it was unlawful for him to possess the firearm.

All that the United States is required to prove with respect to the Defendant's state of mind is that he knowingly possessed one or more firearms.


Ninth Circuit Model Jury Instruction No. 5.6 (2000) (modified by United States v. Miller, 105 F.3d 552, 555 (9th Cir. 1997) ("The Government did not need to prove that Miller knew the firearm had traveled in interstate commerce. We agree with the decisions from other circuits that the § 924(a) knowledge requirement applies only to the possession element of § 922(g)(1), not to the interstate nexus or to felon status."); United States v. Enslin, 327 F.3d 788, 798 (9th Cir. 2003) (following Miller and holding "that the knowledge requirement of 18 U.S.C. § 924(a) only applies to the possession element of § 922(g)(1), not to . . . felon status.") (quoting Miller); United States v. Sherbondy, 865 F.2d 996, 1002-03 (9th Cir. 1988) (lack of knowledge about the law is not a defense to a § 922(g) offense).

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served upon the following person(s):

>DONNA GRAY
>Assistant Federal Public Defender
>300 Ala Moana Blvd., Room 7-104
>Honolulu, HI 96850
>
>Counsel for defendant
>John Gilbreath

DATED: December 22, 2003, at Honolulu, Hawaii.