ORIGINAL

EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

THOMAS MUEHLECK 3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808)541-2850
Facsimile: (808)541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 5 2004

at ____ o'clock and ____ min. ____ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,        Plaintiff,     vs.  JOHN ANDREW GILBREATH,          Defendant. | ) CR. NO. 03-00106 DAE<br>)<br>) UNITED STATES' SUPPLEMENTAL JURY<br>) INSTRUCTIONS AND OBJECTIONS TO<br>) DEFENDANT'S PROPOSED INSTRUCTION;<br>) ATTACHMENTS 1-4; CERTIFICATE OF<br>) SERVICE<br>)<br>) DATE: January 20, 2004<br>) TIME: 9:00 a.m.<br>) JUDGE: Hon. David A. Ezra |

UNITED STATES' SUPPLEMENTAL JURY INSTRUCTIONS
AND OBJECTIONS TO DEFENDANT'S PROPOSED INSTRUCTION

The United States submits Supplemental Jury Instruction #1 on elements of the offense of 18 U.S.C. § 922(g)(3). The United States' Instruction is based on 9th Circuit Model Jury Instruction #8.59. Attachment 1. The United States also submits Supplemental Jury Instruction #2 to define "user of a controlled substance" based on United States v. Purdy, 264 F.3d 809, 813

34

(9th Cir. 2001). Attachment 2. The United States also submits Supplemental Jury Instruction #3 to augment the Court's General Federal Jury Instruction #16 - Knowingly. Attachment 3.

The United States objects to Defendant's Proposed Instruction #1. Attachment 4.

The United States submits this Instruction is objectionable since the United States does not have to prove that all three firearms were knowingly possessed by the defendant and had been shipped in interstate commerce. The United States submits that since the firearms are charged in the conjunctive, the United States need only prove in the disjunctive, i.e., one firearm was possessed and had been shipped interstate with the jury agreeing unanimously as to which firearm was proven. Turner v. United States, 396 U.S. 398 (1970). Additionally, Defendant's Proposed Instruction #1 is objectionable because the United States is not required to prove that the defendant's use of marijuana "was so frequent and in such quantities as to cause him to lose the power of self-control and thereby pose a danger . . ." Under United States v. Purdy, the United States is only required to prove that the defendant took drugs with (1) regularity; (2) over an extended period of time; and (3) contemporaneously with his possession of one or more firearms.

DATED: January  /3 , 2004, Honolulu, Hawaii.

>EDWARD H. KUBO, JR.
>United States Attorney
>District of Hawaii
>
>By  /s/ T. Muehleck
>     THOMAS MUEHLECK
>     Assistant U.S. Attorney

THE GOVERNMENT'S SUPPLEMENTAL JURY INSTRUCTION NO. 1

The Defendant John Andre Gilbreath is charged in the Indictment with: while being a user of a controlled substance as defined in Title 21, United States Code, Section 802, the Defendant did knowingly possess in and affecting commerce a firearm, to wit, a Rossi Model 88, .38 caliber revolver, Serial #W333037, and an Essex Arms Co, .45 caliber pistol, Serial #SS 6371 and a Thompson Model M-1 .45 caliber rifle, Serial #KCO 876, in violation of Title 18 of the United States Code, Section 922(g)(3).

In order for the Defendant to be found guilty, the United States must prove each of the following elements beyond a reasonable doubt:

First, the Defendant knowingly possessed at least one firearm,

Second, the firearm possessed by the Defendant previously had been shipped or transported by someone from another state to Hawaii; and

Third, at the time the Defendant possessed the firearm, the Defendant was a user of a controlled substance as defined in Title 21, United States Code, Section 802. Marijuana is a controlled substance as defined in that section.

Ninth Circuit Model Jury Instruction No. 8.59 (2000) (modified).

**ATTACHMENT 1**

THE GOVERNMENT'S SUPPLEMENTAL JURY INSTRUCTION NO. 2

The term "user of a controlled substance" means that the Government must prove that the Defendant took drugs with: (1) regularity; (2) over an extended period of time; and (3) contemporaneously with his possession of one or more firearms.

United States v. Purdy, 264 F.3d 809, 813 (9th Cir. 2001).

ATTACHMENT 2

THE GOVERNMENT'S SUPPLEMENTAL JURY INSTRUCTION NO. 3

An act is done knowingly if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

The United States does not have to prove that the Defendant knew that: (1) the firearm had previously traveled or moved in commerce and therefore that its possession was in or affecting commerce; (2) it was unlawful for him to possess the firearm.

All that the United States is required to prove with respect to the Defendant's state of mind is that he knowingly possessed one or more firearms.

Ninth Circuit Model Jury Instruction No. 5.6 (2000) (modified by United States v. Miller, 105 F.3d 552, 555 (9th Cir. 1997) ("The Government did not need to prove that Miller knew the firearm had traveled in interstate commerce. We agree with the decisions from other circuits that the § 924(a) knowledge requirement applies only to the possession element of § 922(g)(1), not to the interstate nexus or to felon status."); United States v. Enslin, 327 F.3d 788, 798 (9th Cir. 2003) (following Miller and holding "that the knowledge requirement of 18 U.S.C. § 924(a) only applies to the possession element of § 922(g)(1), not to . . . felon status.") (quoting Miller); United States v. Sherbondy, 865 F.2d 996, 1002-03 (9th Cir. 1988) (lack of knowledge about the law is not a defense to a § 922(g) offense).

ATTACHMENT 3

**Defendant's Proposed Jury Instruction No. 1**

The defendant, John Gilbreath, is charged in the indictment with knowingly possessing, in and affecting commerce, a firearm, specifically, a Rossi Model 88, .38 caliber revolver, serial number W333037, an Essex Arms Co. .45 caliber pistol serial number SS 6371, and a Thompson Model, M-1 .45 caliber rifle serial number KCO 876, and being an unlawful user of and addicted to a controlled substance, to wit, marijuana.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly possessed the three firearms listed in the indictment.

Second, the firearms listed in the indictment had been shipped or transported from one state to another; and

Third, at the time he possessed the firearms the defendant was an unlawful user of and addicted to a controlled substance, to wit, marijuana.

In order to find that the defendant is an unlawful user of and addicted to marijuana, you must find that the defendant took marijuana with regularity, over an extended period of time and that his use was so frequent and in such quantities, as to cause him to lose the power of self-control and thereby pose a danger to the public morals, health, safety, or welfare.

See United States v. Herrera, 289 F.3d 311, 320-24 (5th Cir. 2002); United States v. Purdy, 264 F.3d 809, 812-13 (9th Cir. 2001).

**ATTACHMENT 4**

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served upon the following person(s):

>DONNA GRAY
>300 Ala Moana Blvd., Room 7-104
>Honolulu, HI 96850
>
>Counsel for defendant
>John Gilbreath

DATED: January 15, 2004, at Honolulu, Hawaii.

_[signature]_