EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

THOMAS MUEHLECK  #3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  tom.muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00106 DAE |
| | ) | |
| Plaintiff, | ) | UNITED STATES' |
| | ) | OPPOSITION TO DEFENDANT'S |
| vs. | ) | MOTION FOR RELEASE ON |
| | ) | BOND PENDING APPEAL; |
| JOHN ANDREW GILBREATH, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | |
| | ) | Date: |
| | ) | Time: |
| _____ | ) | Judge: Chief Judge David A. Ezra |

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION FOR RELEASE ON BOND PENDING APPEAL

   The United States opposes the defendant's motion for bail pending appeal.  The defendant cannot meet the test of 18 U.S.C. § 3143(b).

The defendant in his motion concedes that 3143(b) requires that his appeal must raise a <u>substantial</u> question of law or fact likely to result in --

1)   reversal;

2)   an order for new trial;

3)   a sentence that does not include a term of imprisonment, or;

4)   a reduced sentence to a term of imprisonment less than the total of time already served plus the expected duration of the appeal process.

Additionally, the judicial officer must find by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any person or the community if released.

The defendant claims the denial of his motion to suppress raises issues that are "fairly debatable" under <u>United States v. Handy</u>, 761 F.2d 1279 ((th Cir. 1985).

In the motion to suppress on September 18, 2003, the defendant argued he did not consent to the search of his apartment.  The defendant testified that he did not tell the agents they could come inside his apartment and did not consent to a search of the apartment.  Alcohol, Tobacco, Firearms & Explosives Agents Jordan Lowe and Gordon Horiye testified regarding the defendant's execution of the consent to search

form. In its written order filed October 3, 2003, denying the motion to suppress, the Court found that the agents "testified convincingly that they informed the defendant that he was not under arrest and was free to leave." Order p.9. The Court also found that Agent Horiye testified convincingly that defendant was allowed to read the consent form and that he read the consent form to the defendant. Order p.3.

Both the Court, at the motion, and the jury at trial heard the ATFE agents *and* the defendant testify. The Court at the motion to suppress and the jury at trial were able to observe the demeanor of the witnesses and determine credibility. There is no likelihood that the Court's decision denying the motion or the jury's verdict, both which hinge on credibility determinations will be reversed or result in a new trial.

Incredibly, the defendant claims that "during his pretrial suppression in Alabama he was fully compliant with the conditions placed on him by the court." Defendant's motion p.3.

The defendant was indicted on March 5, 2003 and appeared before U. S. Magistrate Judge Leslie E. Kobayashi on April 7, 2003. The defendant was released on conditions after a Pretrial Services Officer's interview and execution of a $20,000 unsecured bond. Condition of Release #1 set by the Court on April 7, 2003, was that the defendant not commit any offense in violation of federal, state and local law while on release.

On June 28, 2003 the defendant was arrested in Sardis City, Alabama for reckless endangerment, reckless driving, speeding and attempting to elude. Paragraph #32 of the Presentence Report indicates that the defendant operated a motorcycle at 84 mph in a 55 mph zone in an erratic manner. The defendant drove off the highway for 100 yards and then returned to the highway driving over 90 mph for approximately two miles before stopping, which created a substantial risk of serious physical injury to others. The defendant pled guilty to reckless endangerment and paid a fine of $166.

The instant offense involved marijuana and eight firearms. The defendant also has earlier arrests, one for promoting a detrimental drug and criminal contempt of court. The United States submits that this Court cannot find by clear and convincing evidence that the defendant poses no danger to the community. The defendant's motion for release on bond pending appeal should be denied.

DATED: March 9TH, 2005, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By _T. Muehleck_
THOMAS MUEHLECK
Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was duly served, by hand delivery, addressed as set forth below:

>DONNA GRAY, ESQ.
>Assistant Federal Public Defender
>300 Ala Moana Blvd., Suite 7-104
>Honolulu, Hawaii  96850
>
>Attorney for Defendant
>JOHN ANDREW GILBREATH

DATED:  March 9, 2005, at Honolulu, Hawaii.

_(signature)_