ORIGINAL

PETER C. WOLFF, JR. #2332
Federal Public Defender
District of Hawaii

DONNA M. GRAY    # 4519
Assistant Federal Defender
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii  96850-5269
Telephone:  (808) 541-2521
Facsimile:   (808) 541-3545
E-Mail:      fpdhi@hotmail.com

Attorney for Defendant
JOHN ANDREW GILBREATH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) Cr. No. 03-00106 DAE |
|---|---|
| Plaintiff, | ) |
| | ) NOTICE OF MOTION; MOTION |
| | ) FOR RELEASE ON BOND |
| vs. | ) PENDING APPEAL; |
| | ) DECLARATION OF COUNSEL; |
| JOHN ANDREW GILBREATH, | ) CERTIFICATE OF SERVICE |
| | ) |
| Defendant. | ) DATE: 3/14/05 |
| | ) TIME: 9:45 |
| | ) JUDGE: David Alan Ezra |

### NOTICE OF MOTION

TO:   THOMAS C. MUEHLECK
      Assistant United States Attorney
      PJKK Federal Building
      300 Ala Moana Boulevard, Room 6100
      Honolulu, Hawaii  96813

70

PLEASE TAKE NOTICE that the following motion will be heard before the Honorable __David Alan Ezra__, in his courtroom in the United States Courthouse, 300 Ala Moana Boulevard, Honolulu, Hawaii, on __3/14/05__, or as soon as counsel may be heard.

PETER C. WOLFF, JR. #2332
Federal Public Defender
District of Hawaii

DONNA M. GRAY      # 4519
Assistant Federal Defender
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii  96850-5269
Telephone:  (808) 541-2521
Facsimile:   (808) 541-3545
E-Mail:      fpdhi@hotmail.com

Attorney for Defendant
JOHN ANDREW GILBREATH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) Cr. No. 03-00106 DAE |
|---|---|
| Plaintiff, | ) MOTION FOR RELEASE ON ) BOND PENDING APPEAL |
| vs. | ) |
| JOHN ANDREW GILBREATH, | ) |
| Defendant. | ) |

### MOTION FOR RELEASE ON BOND PENDING APPEAL

COMES NOW the defendant, John Gilbreath, through counsel, Donna M. Gray, Assistant Federal Defender, and moves this Honorable Court for an order for Defendant to continue to remain on bond pending his appeal to the Ninth Circuit Court.

18 U.S.C. § 3143(b) controls cases in which the defendant has been sentenced to imprisonment, appeals his conviction, and moves for release on conditions pending appeal. It imposes upon the defendant the burden of making a four-part showing as follows:

1. That the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released;

2. That the appeal is not for the purpose of delay:

3. That the appeal raises a substantial question of law or fact; and

4. That if that substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed. See, United States v. Handy, 761 F.2d 1279 (9th Cir. 1985).

A.   RISK OF FLIGHT AND DANGER TO THE COMMUNITY.

On March 5, 2003, Mr. Gilbreath was charged in a federal indictment with one count of being a drug user in possession of firearms. A penal summons, rather than an arrest warrant, was issued to secure his appearance in court to answer on the indictment. He first appeared in court on April 7, 2003 and was admitted to bail on an unsecured bond in the amount of $20,000 and ordered to

comply with pretrial supervision. He was permitted to return to live in Alabama with his mother and his young son during the pendency of the case.

During his pretrial supervision in Alabama he was fully compliant with the conditions placed on him by the court. He traveled from Alabama to Hawaii to appear at a September 18, 2003, hearing on his Motion to Suppress Evidence, and then returned to Alabama to await trial. He traveled back to Honolulu for trial on January 20, 2004. Trial ended in a guilty verdict on January 23, 2004. The government moved to detain Mr. Gilbreath and the motion was denied. Mr. Gilbreath's bail conditions were amended to include "intensive" pretrial services supervision. He was allowed to return to Alabama to await sentencing.

Sentencing was originally set for November 29, 2004, but was ultimately continued to February 4, 2005. Mr. Gilbreath traveled from Alabama to Hawaii to attend his sentencing. He was sentenced to 24 months imprisonment. The court, at Mr. Gilbreath's request, and with no objection from the government, stayed mittimus until March 31, 2005, and allowed Mr. Gilbreath to remain on bail and to self-surrender to the designated Bureau of Prisons facility on the mittimus date.

Mr. Gilbreath has no criminal history. He lives in a stable, family environment in Albertville, Alabama. He is the sole custodial parent of his 9-year old son. He lives in a modest rented home with his ill and aging mother.

Therefore, it is clear that his full compliance with pretrial supervision for almost the past two years, his lack of criminal history, and his stable life-style, demonstrate that he is neither a flight risk nor a danger to the community.

B.  THE APPEAL IS NOT FOR PURPOSE OF DELAY BECAUSE THERE ARE "FAIRLY DEBATABLE" ISSUES TO BE RAISED ON APPEAL.

The Ninth Circuit had interpreted the "substantial question" language used in 18 U.S.C. § 3143(b) to mean an issue that is "fairly debatable." Handy, 761 F.2d at 1283. "In short, a 'substantial question is one of more substance than would be necessary to a finding that it was not frivolous." Id., citing United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985).

In this case, Mr. Gilbreath filed a pretrial constitutional challenge to the warrantless search of his home and the use of his un-Mirandized statement to law enforcement officers made subsequent to the search. The motion to suppress this evidence was based upon the fact that a large number of armed federal agents, some wearing bulletproof vests, arrived at Mr. Gilbreath's doorstep at 6:00 a.m. in

the morning, without a warrant, in order to question him and try to obtain his consent to search his home. Citing to <u>United States v. Roberts</u>, 747 F.2d 537 (9th Cir. 1984), Mr. Gilbreath argued to this Court that the action to the federal agents was neither minimal nor reasonably calibrated to its purpose. Further, citing to <u>Kaupp v. Texas</u>, 123 S.Ct. 1843 (2003) Gilbreath argued to this Court that a mere submission to a claim of lawful authority negates consent even it is apparently given. This Court found to the contrary and denied the motion. Nevertheless, the issues raised in the motion to suppress are constitutional challenges to the use of certain evidence. Such issues are by their very nature "fairly debatable" when, as here, they are clearly not frivolous.

C.  <u>IF THE SUBSTANTIAL QUESTION ON APPEAL IS RESOLVED FAVORABLY TO GILBREATH, AN ORDER FOR A NEW TRIAL WOULD RESULT</u>.

If the issue on appeal in this case, a Fourth and Fifth Amendment challenge to the use of certain evidence, to wit, the firearms seized and the statement made, were to be resolved in Mr. Gilbreath's favor, that decision would result in an order for a new trial. That trial would be one in which the government would have no evidence to present on the essential elements, and thus no case.

Therefore, it is the position of the defense that Mr. Gilbreath meets all of the criteria for release on bond pending appeal that are set forth in 18 U.S.C. § 3143.

DATED: Honolulu, Hawaii, March 2, 2005.

_/s/ Donna M. Gray_
DONNA M. GRAY
Attorney for Defendant
JOHN GILBREATH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) Cr. No. 03-00106 DAE |
|---|---|
| Plaintiff, | ) DECLARATION OF COUNSEL |
| vs. | ) |
| JOHN ANDREW GILBREATH, | ) |
| Defendant. | ) |

### DECLARATION OF COUNSEL

I, DONNA M. GRAY, hereby declare as follows:

1. That I am counsel for defendant, JOHN ANDREW GILBREATH, having been appointed pursuant to the Criminal Justice Act.

2. That the facts and statements set forth in the foregoing document are true and correct to the best of my knowledge and belief.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii, March 2, 2005.

_____
DONNA M. GRAY
Attorney for Defendant
JOHN ANDREW GILBREATH

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document was duly delivered to the following on March 2, 2005:

THOMAS C. MUEHLECK
Assistant United States Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Room 6100
Honolulu, Hawaii  96813

Attorney for Plaintiff-Appellee
UNITED STATES OF AMERICA

MONA L. GODINET
U. S. Probation Officer
PJKK Federal Building
300 Ala Moana Boulevard, Room C126
Honolulu, Hawaii  96813

DATED:  Honolulu, Hawaii, March 2, 2005.

_____
Hermi Hunt