# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>V.<br><br>JOHN ANDREW GILBREATH,<br><br>Defendant - Appellant. | No. 05-10114<br>D.C. No. CR-03-00106-DAE<br><br>**JUDGMENT** |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 6 2006

at 4 o'clock and __ min. PM
SUE BEITIA, CLERK

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 01/11/06

A TRUE COPY 2/2/06
ATTEST
CATHY A. CATTERSON
Clerk of Court
by: [signature]
Deputy Clerk

**FILED**

**NOT FOR PUBLICATION**

JAN 11 2006

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 05-10114 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00106-DAE |
| v. | |
| JOHN ANDREW GILBREATH, | MEMORANDUM * |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, Chief District Judge, Presiding

Argued and Submitted November 21, 2005
Honolulu, Hawaii

Before: BRIGHT,** McKEOWN, and CLIFTON, Circuit Judges.

John Andrew Gilbreath ("Gilbreath") appeals his conviction for being a marijuana user in possession of a firearm, arguing that the district court erred in

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

admitting evidence of a prior arrest involving the discovery of marijuana in Gilbreath's clothing and erred in denying Gilbreath's motion to suppress evidence and statements secured during the search of his apartment.[1] We affirm.

In his prior arrest, Gilbreath claimed his possession of the drug to be unknowing, as he also does in this case. He contends that the introduction of this evidence did not meet the admissibility requirements under Federal Rule of Evidence 404(b) and denied him a fair trial. The error, if any, was harmless. See United States v. Edwards, 235 F.3d 1173, 1178-79 (9th Cir. 2000) (erroneous evidentiary rulings are reversed only if the "error more likely than not affected the verdict").

The prosecution presented abundant evidence of Gilbreath's guilt, including marijuana and drug paraphernalia found in Gilbreath's bathroom, Gilbreath's admission that he owned the charged weapons, and Gilbreath's admission to the agents that the marijuana was his and that he regularly smoked marijuana once or twice a week. As a result, the introduction of his prior marijuana possession did not materially affect the verdict. The trial judge provided cautionary instructions when the prior incident was mentioned. Further, the government neither accused

---

[1] Gilbreath also appeals the district court's admission of evidence of uncharged firearms at trial. After review of the record, we conclude that this argument is without merit.

Gilbreath of lying about the earlier incident, nor did it state that Gilbreath had been arrested as a result. Consequently, given the substantial evidence of Gilbreath's guilt and the consistent use of limiting instructions, any error, in briefly introducing Gilbreath's prior marijuana possession, was harmless.

Gilbreath challenges the denial of his motion to suppress, arguing initially that he did not voluntarily consent to the search of his apartment. After considering the evidence, the district court reached the opposite conclusion. This factual finding is reviewed for clear error, United States v. Rodriguez-Preciado, 399 F.3d 1118, 1126 (9th Cir. 2005), and the district court's determination is amply supported by the record. The voluntariness of a suspect's consent is determined from the totality of the circumstances, and the relevant factors support the trial court's finding. United States v. Patayan Soriano, 361 F.3d 494, 501-02 (9th Cir. 2004). There was evidence that the agents informed Gilbreath that they did not have a search warrant, that no threats were made, and that Gilbreath signed a consent form which explained his right to refuse consent. In light of the evidence, the district court's finding was not clear error.

Gilbreath's alternative scope-of-consent argument is similarly unpersuasive. The question of "[w]hether a search went beyond the scope of a suspect's consent is a determination reviewed for clear error." United States v. Perez, 37 F.3d 510,

515 (9th Cir. 1994). The description on the consent form of the property to be searched listed Gilbreath's address. The district court found that Gilbreath consented to a search of his entire apartment "for any type of guns he might have." This search would have reasonably encompassed items that could fit within the disputed container, like a small pistol, a disassembled gun or its parts. In addition, the consent form explicitly stated: "I understand that any contraband or evidence of a crime found during the search can be seized and used against me in any court of law or other proceeding." Therefore, the district court could have reasonably found that Gilbreath's consent extended to this container. Moreover, Gilbreath's "[f]ailure to object to the continuation of a . . . search after giving general consent to search 'is properly considered as an indication that the search was within the scope of the initial consent.'" United States v. Cannon, 29 F.3d 472, 477 (9th Cir. 1994) (citation omitted); see also Perez, 37 F.3d at 516. Accordingly, the district court's determination was not clearly erroneous.

Gilbreath also argues that his incriminating statements should have been suppressed because the agents failed to give him Miranda warnings. This argument is without merit. There is substantial support in the record for the district court's findings that Gilbreath was told he was not under arrest and was free to go, that he was neither handcuffed nor physically restrained, and that he

was questioned in a public setting. These findings were not clearly erroneous, and they support the denial of Gilbreath's suppression motion. See United States v. Kim, 292 F.3d 969, 973 (9th Cir. 2002) (factual findings underlying district court's "in custody" decision are reviewed for clear error).

**AFFIRMED.**

A TRUE COPY
ATTEST 2/2/06
CATHY A. CATTERSON
Clerk of Court
by: Deputy Clerk

INTERNAL USE ONLY: Proceedings include all events.
05-10114 USA v. Gilbreath

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Thomas C. Muehleck, AUSA<br>FAX 808/541-2958<br>808/541-2850<br>Suite 6-100<br>[COR LD NTC aus]<br>USH - OFFICE OF THE U.S. ATTORNEY<br>PJKK Federal Building<br>300 Ala Moana Blvd.<br>P.O. Box 50183<br>Honolulu, HI 96850 |
| v. | |
| JOHN ANDREW GILBREATH<br>    Defendant - Appellant | Peter C. Wolff, Jr., Esq.<br>FAX 808/541-3545<br>808/541-2521<br>Ste. 7-104<br>[COR LD NTC afp]<br>Donna M. Gray, AFPD<br>FAX 808/514-3535<br>808/541-2521<br>Suite 7104<br>[COR LD NTC afp]<br>FPDHI - FEDERAL PUBLIC DEFENDER'S OFFICE (HONOLULU)<br>300 Ala Moana Blvd.<br>Honolulu, HI 96850 |